# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:23-CV-085-FDW-DCK

| | |
|---|---|
| **EDWARD C HALEY, as Administrator of the Estate of JOHN DEVIN HALEY,** ) ) ) | |
| **Plaintiff,** ) ) | |
| v. ) ) | **ORDER** |
| **WELLPATH, LLC, et al.,** ) ) | |
| **Defendants.** ) ) | |

**THIS MATTER IS BEFORE THE COURT** on Plaintiff's "Motion To File Second Amended Complaint" (Document No. 105) filed June 19, 2023. This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and immediate review is appropriate. Having carefully considered the motion, the record, and applicable authority, the undersigned will grant the motion.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 15 applies to the amendment of pleadings and allows a party to amend once as a matter of course within 21 days after serving, or "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed.R.Civ.P. 15(a)(1). Rule 15 further provides:

> **(2) Other Amendments.** In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Fed.R.Civ.P. 15(a)(2).

Under Rule 15, a "motion to amend should be denied only where it would be prejudicial, there has been bad faith, or the amendment would be futile." Nourison Rug Corporation v. Parvizian, 535 F.3d 295, 298 (4th Cir. 2008) (citing HCMF Corp. v. Allen, 238 F.3d 273, 276-77 (4th Cir. 2001)); see also, Foman v. Davis, 371 U.S. 178, 182 (1962). However, "the grant or denial of an opportunity to amend is within the discretion of the District Court." Pittston Co. v. U.S., 199 F.3d 694, 705 (4th Cir. 1999) (quoting Foman, 371 U.S. at 182).

## DISCUSSION

It appears that there has been no initial attorney's conference and that no discovery has taken place thus far. Furthermore, the undersigned is not persuaded that there is sufficient evidence of prejudice, bad faith, or futility to support the denial of the instant motion. After careful consideration of the record and the motion, the undersigned finds that Plaintiff's motion to amend should be granted. If, after the filing of Plaintiff's Second Amended Complaint, Defendants believe that there are deficiencies, those issues can be addressed in the appropriate responsive pleadings.

**IT IS, THEREFORE, ORDERED** that Plaintiff's "Motion To File Second Amended Complaint" (Document No. 105) is **GRANTED**. Plaintiff shall file an Amended Complaint on or before **September 6, 2023**.[1]

**IT IS FURTHER ORDERED** that Defendant Mecklenburg County's "Motion To Stay Initial Attorney's Conference" (Document No. 122) is **DENIED as moot**.

---

[1] The "Administrative Procedures Governing Filing and Service by Electronic Means," revised January 1, 2018, at Part II, Section A, Paragraph 8, provide that: "If filing a document requires leave of the Court, such as an amended complaint, the attorney shall attach the proposed document as an exhibit to the motion according to the procedures in IV. If the Court grants the motion, the filer will be responsible for electronically filing the document on the case docket."

**SO ORDERED.**

Signed: August 29, 2023

David C. Keesler
United States Magistrate Judge